**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**R.H.,**
**Defendant Below, Petitioner**

**vs.)  No. 22-0069** (Webster County FC-51-2021-FIG-1)

**A.H. and F.H.,**
**Plaintiffs Below, Respondents**

**MEMORANDUM DECISION**

Petitioner R.H. appeals the Circuit Court of Webster County's January 11, 2022, order granting guardianship of petitioner's minor children to Respondents A.H. and F.H.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

Respondents filed a petition on February 12, 2021 in the Family Court of Webster County for guardianship of petitioner's two minor children. The children were in respondents' care when they filed the petition, and respondents alleged that petitioner was "unwilling to exercise his parental rights and ha[d] not contributed to the emotional, physical, or financial needs of [the children] since early 2019."[2] The family court held a hearing and granted temporary guardianship of the children to respondents on February 24, 2021. The family court then removed the case to the Circuit Court of Webster County pursuant to Rule 13(a) of the West Virginia Rules of Practice and Procedure for Minor Guardianship Proceedings.

Following a hearing, the circuit court granted respondents' petition for guardianship, finding that petitioner's "history of domestic violence and illegal drug use as well as his inability to provide a fit, apt, and suitable home, amount to extraordinary circumstances that would, in all reasonable likelihood, result in serious detriment to the children" if respondents' petition were denied. The court determined that petitioner failed to financially support the children and that he had "abandoned his parental rights by material failure to exercise them for a period of more than

---

[1] Petitioner appears by counsel Howard J. Blyler. Respondents appear by counsel Brandy L. Hughart. We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[2] The children's biological mother's parental rights to the children were previously terminated.

six months." The court further found that the placement of the minor children in respondents' custody was in the best interests, health, and welfare of the children and that "[t]here is great concern that the minor children would suffer significant emotional distress should the minor children be forced to have undesired contact with [respondent]." Moreover, the children nominated respondents to serve as their guardians, pursuant to West Virginia Code § 44-10-4, and the circuit court considered those nominations in granting guardianship to respondents. Petitioner appeals from the order granting the guardianship.

Petitioner argues that the circuit court erred by granting the respondents' guardianship petition. Petitioner further argues that the circuit court erred in finding that he abandoned the children and that he failed to provide a fit, apt, and suitable home for the children. He contends that the court's findings are based upon his actions before he entered a rehabilitation program and that his situation is now different as he is gainfully employed and has not failed any recent drug screens.

We review the circuit court's decision to grant the guardianship petition for an abuse of discretion. *See* Syl. Pt. 2, in part, *In re Antonio R.A.*, 228 W. Va. 380, 719 S.E.2d 850 (2011) ("The exercise of discretion by a trial court in awarding custody of a minor child will not be disturbed on appeal unless that discretion has been abused[.]"). We review the circuit court's findings of fact for clear error. *See Terrence E. v. Christopher E.*, 243 W. Va. 202, 206, 842 S.E.2d 755, 759 (2020) ("When this Court reviews challenges to the findings . . . of the circuit court, . . . we review the circuit court's underlying factual findings under a clearly erroneous standard." (quoting Syl. Pt. 1, in part, *McCormick v. Allstate Ins. Co.*, 197 W. Va. 415, 475 S.E.2d 507 (1996)).

Guardianships in West Virginia are governed by Chapter 44 of the West Virginia Code. Concerning the appointment of a guardian, West Virginia Code § 44-10-3(f) provides:

> The court may appoint a guardian for a minor if the court finds by clear and convincing evidence that the appointment is in the minor's best interest and:
> (1) The parents consent;
> (2) The parents' rights have been previously terminated;
> (3) The parents are unwilling or unable to exercise their parental rights;
> (4) The parents have abandoned their rights by a material failure to exercise them for a period of more than six months; or
> (5) There are extraordinary circumstances that would, in all reasonable likelihood, result in serious detriment to the child if the petition is denied.

The court's order granting the guardianship demonstrates that the circuit court conducted an appropriate inquiry and made the necessary findings of fact to support its decision to grant the guardianship petition. The evidence presented below and recounted in the circuit court's order demonstrates that it was in the children's best interest to be placed with respondents and that extraordinary circumstances existed that mandated the guardianship order to prevent serious detriment to the children. Even assuming, as petitioner contends, that the particular findings of fact he challenges in this appeal were clearly erroneous, the circuit court's remaining findings justified the circuit court's order. Based upon the record before this Court, the circuit court did not abuse its discretion in granting the guardianship where petitioner's instability, drug use, and domestic

violence had necessitated the minor children living with respondents since 2020. Accordingly, petitioner is entitled to no relief.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 15, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn